UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH ROMAIN and MARIE R. ROMAIN,

                Plaintiffs,

     v.

STATE FARM FIRE & CASUALTY COMPANY,
et al.,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-0122-SJB-ARL

**BULSARA, United States District Judge:**

Joseph Romain and Marie R. Romain ("the Romains"), proceeding pro se, seek redress for a lawyer's statement that they allege was defamatory. The statement—a representation about their availability for a deposition—was made in a request to extend a litigation deadline in a case the Romains are prosecuting against their insurer, State Farm. The Romains name their former counsel, opposing counsel, and the defendants in that underlying case as defendants here, asserting claims for defamation under 42 U.S.C. § 1983 and state law. For the reasons below, the Complaint is dismissed in its entirety.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The Romains commenced this action on January 8, 2025 against State Farm Fire & Casualty Company ("State Farm"), Laura J. Gindele ("Gindele"), and Christopher Joel

---

[1] For the purpose of this motion, the Court is "required to treat" the Romains' "factual allegations as true, drawing all reasonable inferences in favor of [them] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain Celestial Grp., Inc. Secs. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

Fromme ("Fromme") (collectively, "Defendants").  (Compl. dated Jan. 8, 2025, Dkt. No. 1 at 2–3).[2]  The dispute stems from litigation conduct in a separate federal case,[3] in which Fromme represented the Romains in a suit against their insurer State Farm, which was represented by Gindele.  (*Id.* at 9).  The Romains allege that Gindele and Fromme conspired and defamed them when Gindele filed a request to extend a discovery deadline and made the statement: "We have been advised that Plaintiffs are now not available until the end of February."  (*Id.* at 5).  The Romains then removed Fromme as their lawyer.  (*Id.* at 10).  They allege Gindele's statement led to the cancellation of a court conference, which made it impossible to settle their case with State Farm.  (*Id.* at 11).  That, in turn, delayed repair work on the Romains' home (which they claim was State Farm's responsibility).  (*Id.* at 6).  In all, the Romains allege a bevy of physical health, financial, reputational, and emotional harm.  (Compl. at 12).  The Romains bring claims under 42 U.S.C. § 1983 and state law.  (*Id.* at 7).

Gindele and Fromme filed separate letters requesting a premotion conference in anticipation of a motion to dismiss the Complaint, (Gindele Letter dated Jan. 29, 2025 ("Gindele Letter"), Dkt. No. 15; Fromme Letter dated Jan. 31, 2025, Dkt. No. 17), which the Romains opposed, (Pls.' Opp'ns dated Feb. 4, 2025, Dkt. Nos. 19–20).  State Farm also filed a premotion conference letter.  (State Farm Letter dated Feb. 17, 2025, Dkt. No. 23).  The Court concluded that a premotion conference was unnecessary, and directed

---

[2] All page numbers refer to the ECF pagination.

[3] The underlying breach of contract action has since been dismissed for failure to prosecute.  *See* Order, *Romain v. State Farm Fire & Cas. Co.*, No. 21-CV-6609 (E.D.N.Y. Sep. 18, 2025) (adopting report and recommendation).

the three Defendants to brief a single, consolidated motion to dismiss, limited to arguments under Rule 12(b)(6).  (Order dated Mar. 7, 2025).[4]

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must contain more than "naked assertion[s] devoid of further factual enhancement."  *Id.* (quotations omitted).  In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; Fed. R. Civ. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young Shing Trading Co.*, No. 17-CV-

---

[4] Gindele indicated an intent to move to dismiss under Rule 12(b)(1), arguing that the Court lacked subject matter jurisdiction since the Romains did not adequately allege a Section 1983 claim and the parties were not diverse.  (Gindele Letter at 2).  As the Court explained in its March 7, 2025 Order: "To find federal question jurisdiction, federal courts look to the face of the complaint to see 'if [the] plaintiff's statement of his [or her] own cause of action shows that it is based on federal law.'"  *Brook v. Ruotolo*, No. 23-CV-1339, 2024 WL 3912831, at *2 (2d Cir. Aug. 23, 2024) (quoting *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010)), *cert. denied*, 145 S. Ct. 2705 (2025).  "[T]he failure to show state action is not a 'jurisdictional deficiency.'  Rather, it is a merits issue 'to be tested under Rule 12(b)(6).'"  *Id.* (quoting *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997)).

652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

This pleading requirement "does not impose a probability standard at the motion-to-dismiss stage." *Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC*, 156 F.4th 68, 77 (2d Cir. 2025) (noting that plausibility does not equate to probability). And "on a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." *Id.* (quotation omitted).

A pro se plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally"). Because the Romains are proceeding pro se, the Court construes their Complaint "to raise the strongest claims [it] suggest[s]." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

## DISCUSSION

"To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that [they were] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state

4

law." *Wheatley v. N.Y. State United Tchrs.*, 80 F.4th 386, 390 (2d Cir. 2023) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Defendants argue that both critical elements are lacking here, since they were not acting under color of law and the right under which the Romains claim, to be free from defamation, is not one protected by federal law. (Defs.' Mot. to Dismiss dated Mar. 27, 2025, Dkt. No. 29 at 5). The Court agrees.

*First*, the requisite state action[5] for a Section 1983 claim is absent. "[A] plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). The Romains do not offer any plausible theory of state action, other than two conclusory recitations that the alleged defamatory statement deprived them of their rights under color of law, pursuant to Section 1983. (Pls.' Opp'n dated Apr. 25, 2025, Dkt. No. 31 at 4, 8). Nor could they. Each of the defendants is a private actor, unaffiliated with any government entity or state actor. One is an insurance company; the remainder are lawyers: one of whom represented the insurance company, the other who represented the Romains. "Private attorneys are generally not 'state actors' for purposes of § 1983." *O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (concluding that actions of private lawyers who served as defense counsel in a personal injury suit between private parties did not constitute state action). Absent state action, the

---

[5] References to "state action" are intended to be synonymous with "under color of state law." *See, e.g.*, *Wheatley*, 80 F.4th at 390; *Lindke v. Freed*, 601 U.S. 187, 195 (2024) ("[T]he statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." (quotations omitted)).

5

Romains cannot maintain a Section 1983 claim.[6] *E.g., Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020) ("Yagaloff, as a private attorney, was not a state actor; that he was licensed by the state to practice law does not render him a state actor."); *Cai v. Civ. Ct. of City of New York*, No. 22-CV-7379, 2023 WL 2329801, at *4 (E.D.N.Y. Mar. 2, 2023) ("To the extent Plaintiff asserts these claims under Section 1983, they fail because Cohen, as a private attorney participating in the Civil Court proceedings, was not acting 'under color of' state law, as is required to assert a Section 1983 claim."), *reconsideration granted on other grounds*, 2024 WL 37012 (Jan. 3, 2024); *Bellevue v. City of New York*, No. 25-CV-0292, 2025 WL 845173, at *2 (E.D.N.Y. Mar. 18, 2025) ("Subject to limited exceptions not applicable here, Section 1983 does not apply to claims against private individuals or organizations.").

*Second*, even if the Court could locate some state action, dismissal would still be required. The Romains have not alleged deprivation of any right "secured by the Constitution or laws of the United States." *Wheatley*, 80 F.4th at 390 (quotation omitted). Subject to exceptions not relevant here,[7] defamation is generally not a valid basis to ground a Section 1983 claim. It is a claim under state law, *see Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (Sotomayor, J.) ("We thus begin by examining whether

---

[6] Private attorneys may be subject to Section 1983 liability if they conspire with state actors to deprive a plaintiff of their constitutional rights. *See McCloud v. Jackson*, 4 F. App'x 7, 9–10 (2d Cir. 2001). But there is no state actor with whom these Defendants conspired.

[7] "[T]he 'stigma plus' doctrine . . . in limited circumstances provides a remedy for government defamation under federal constitutional law." *Sadallah*, 383 F.3d at 38. "Both the 'stigma' and the 'plus' must come from state action, *Cutie, v. Sheehan*, 645 F. App'x 93, 96 (2d Cir. 2016), which is absent here.

6

defendants' conduct is prohibited by federal law.  Plaintiffs' complaint alleges that defendants made defamatory statements about the physical condition of their business.  Defamation, however, is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action."), and freedom from defamation is generally not a constitutionally protected interest, *Cutie v. Sheehan*, 645 F. App'x 93, 95 (2d Cir. 2016) ("We doubt that plaintiffs were deprived of any constitutionally protected property interest.  It is settled that defamation is not, absent more, a deprivation of a liberty or property interest protected by due process." (quotations omitted)).[8]

Accordingly, the Romains' Section 1983 claim is dismissed.  "The Second Circuit has held that '[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile.'"  *Gross v. Intratek Comput. Inc.*, No. 22-CV-7440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (quoting *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017)).  Where "[t]he problem with [a plaintiff's] causes of action is substantive; better pleading will not cure it," and "[r]epleading would thus be futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  In such cases, leave "to replead should be denied."  *Id.*  Because the defects in the Romains' Section 1983 claim are substantive and

---

[8] And the Romains' invocation of a "conspiracy" without any facts to support such a claim, (Compl. at 5, 7, 9), is also insufficient to support a Section 1983 claim.  *See Brook*, 2024 WL 3912831, at *3 ("It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (quotations omitted)); *Szymonik*, 807 F. App'x at 102 (affirming dismissal of Section 1983 conspiracy claim in light of conclusory allegations).

7

cannot be cured by repleading, the Court concludes that amendment would be futile, and the claim is dismissed with prejudice.

The Romains also bring a separate claim under New York state law for defamation. (Compl. at 7, 10–11). "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). The Court declines to exercise supplemental jurisdiction over the Romains' state law defamation claim, given the early stage of this litigation. *Id.* ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quotations omitted)); *Sadallah*, 383 F.3d at 40 ("[B]ecause plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court."). The Romains' defamation claim is therefore dismissed without prejudice. *Kolari*, 455 F.3d at 124.

## CONCLUSION

For the reasons discussed above, the Romains' Section 1983 claim is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the Romains' state law defamation claim, which is dismissed without prejudice.[9] The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: February 2, 2026
Central Islip, New York

---

[9] The parties are not diverse.